**In the Matter of the Grazing Permit of**
**Frank Notah, C#59,596**
**Decided September 14, 1989**

## FINDINGS OF FACTS, CONCLUSIONS OF LAW, OPINION AND ORDER

Inja Nelson, DNA-People's Legal Services, Inc., Counsel for Petitioner; Wesley Atakai, Navajo Legal Aid and Defender Program, Counsel for Claimant.

Judge Robert Yazzie Presiding.

## FINDINGS OF FACT

The dispute in this proceeding solely concerns a grazing permit. Elizabeth Anderson petitioned to quiet title Grazing Permit No. 6937 containing 78 Sheep Units issued to Frank Notah who died November 20, 1971. The permit, issued April 30, 1946, is designated for use in the District 18 grazing area.

Decedent was married by common law to Martha Notah (now deceased ) and they have three (3) children: Elizabeth Anderson, Mary Jane Notah James and Leona Notah Foster. Martha and Frank's marriage has never been validated. The mother of these children also had another daughter Eleanor Skeets, related to decedent as a stepdaughter.

The grazing permit was issued to decedent when he and his wife, Martha Notah, were already living together with their three (3) children.

Between 1947 and 1949, the decedent Frank Notah, his wife Martha Notah, and their three children moved to Parker, Arizona to acquire land from the Mohave Tribe. Decedent moved all his livestock from his former District 18 residence, at Hunter's Point, Arizona to Parker, Arizona. Today, decedent's Navajo Tribal grazing permit was never rescinded or cancelled.

In 1965, the decedent, his wife Martha Notah, and their daughter, Mary Jane James (age 58), relinquished their tribal membership with the Navajo Nation. They no longer maintain Navajo census numbers. (*See* petitioner's exhibit "C"). They subsequently enrolled with the Mohave Tribe and acquired land in Parker, Arizona. Decedent's other two children, petitioner Elizabeth Anderson and her sister Leona Notah Foster, did not relinquish their Navajo membership. They are still members of the Navajo Nation with census numbers. (*See* testimony of Elizabeth Anderson).

In 1952, Leona Foster lived with her parents in Parker, Arizona until she moved back to St, Michaels, Arizona on or about 1973. She now lives three (3)

miles south of St. Michaels, Arizona. Since 1964, Leona has had physical possession of decedent's grazing permit. She has used the permit since 1964, and has been grazing 48 sheep and one (1) horse at her residence from 1973.

After having lived in Parker, Arizona for 22 years, Elizabeth Anderson also moved back to her deceased father's former residence at Hunter's Point, Arizona in 1969. She now lives there and grazes seven (7) sheep and one (1) horse at Hunter's Point (from 1973). She claims to have been using the permit in question since 1977.

Eleanor Skeet filed a claim against her deceased father Frank Notah's grazing permit. She claims that the grazing permit was issued to her stepfather on April 30, 1946. At that time, she grazed 16 sheep, one (1) horse and ten (10) cows. In 1946, when the District 18 Grazing Committee issued the grazing permit to decedent for 78 sheep units, Eleanor Skeet's livestock was included. She grazes her livestock in St. Michaels, Arizona, in District 18, where her deceased stepfather and mother formerly lived. Today, Eleanor Skeets grazes five (5) sheep and four (4) horses. She wants to be awarded one-half (1/2) of decedent's 78 Sheep Units.

## OPINION

### ISSUE: DOES A NAVAJO TRIBAL MEMBER WHO ACQUIRES A GRAZING PERMIT AND LATER RELINQUISHES HIS TRIBAL MEMBERSHIP LOSE HIS RIGHTS AND INTERESTS IN THE GRAZING PERMIT?

Navajo Grazing Regulations at 25 CFR 1(4-1-88 Edition) governs the authorization of granting permits on tribal lands and to prescribe by appropriate tribal action the conditions under which tribal lands may be used. Section 167.1.

Section 167.8(b), Grazing Rights, states that "all enrolled members of the Navajo Tribe over 18 years of age are eligible to acquire and hold grazing permits." When a member of the Navajo Nation relinquishes his tribal membership, all his rights in tribal property available to benefit Navajo enrolled members terminate. This includes rights in tribal grazing permits. Once such a right terminates, the permit cannot be inherited, subletted or transferred. The decedent Frank Notah in the instant case held a grazing permit for District 18. Before Frank died, he relinquished his Navajo Tribal membership and subsequently enrolled in another tribe - Mohave Tribe. Today the grazing permit remains in Frank Notah's name. Because decedent relinquished his Navajo Tribal membership during his lifetime, his grazing permit terminated or cancelled at the point of relinquishment. His grazing permit cannot be inherited, reassigned or transferred.

To hold otherwise would frustrate the objectives of the grazing regulations. The protection of the Navajo Tribe's interests are of primary concern. The regulations protect the interests of the Navajo Indians from the encroachment of unduly aggressive and antisocial individuals who may or may not be members of

the Navajo Nation. Further, the regulations are to secure increasing responsibility and participation of the Navajo people, including tribal participation in all basic policy decisions regarding grazing regulations.

If one is no longer a member of the Navajo Tribe, his interests and responsibilities will be in conflict with the interests of the Navajo Nation.

## RECOMMENDATION

To ensure that each party is treated fairly in this proceeding, the court makes the following recommendations to the District 18 Grazing Committee.

The termination of Frank Notah's grazing permit stands according to the law given above. The court cannot grant the relief requested by the parties because of the relinquishment of decedent's tribal membership. The court instead recommends that the District 18 Grazing Committee and the Bureau of Indian Affairs Agency Superintendent terminate the grazing permit immediately and reissue the same grazing permit to petitioner Elizabeth Anderson, and claimant Eleanor Skeet; that each be given 1/2 of the 78 sheep units.

Currently, the parties graze livestock. To leave them without a grazing permit would cause the parties certain hardships. If they graze their livestock without a permit, they face the possibility of being liable for trespass. If they graze without a permit, the parties also may be forced to sell their livestock. As the evidence shows, the livestock is their primary source of livelihood. To take away their livestock would severely threaten their livelihood.

The recommendation herein is not inconsistent with the sound grazing practice provided by the Navajo Nation grazing regulations.

## ORDER

Pursuant to the above reasons, IT IS HEREBY ADJUDGED AND ORDERED that Elizabeth Anderson's petition and Eleanor Skeets' claim to quiet title Grazing Permit No. 6937 is hereby DISMISSED.

And it is further RECOMMENDED that the District 18 Grazing Committee and the B.I.A. Agency Superintendent cancel decedent Frank Notah's grazing permit number 6937 and reissue the same permit to Elizabeth Anderson and Eleanor Skeets separately and that they be issued 1/2 of the 78 sheep units.